1  KAREN P. HEWITT
   United States Attorney
2  LAWRENCE A. CASPER
   Assistant U.S. Attorney
3  California State Bar No. 235110
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone No.: (619) 557-7455
   Facsimile No.:  (619) 235-2757
6  Email: lawrence.casper@usdoj.gov

7  Attorneys for Plaintiff
   United States of America

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,          )  Criminal Case No.    07CR2871-DMS
                                      )
12          Plaintiff,                )  District Judge:      Hon. Dana M. Sabraw
                                      )  Courtroom:           10 (Second Floor)
13      v.                            )  Date:                January 18, 2007
                                      )  Time:                11:00 a.m.
14 EDUARDO HERNANDEZ-BAHENA,          )
                                      )  UNITED STATES' RESPONSE AND
15          Defendant.                )  OPPOSITION TO DEFENDANT'S MOTION
                                      )  TO COMPEL DISCOVERY
16                                    )
                                      )  TOGETHER WITH STATEMENT OF FACTS,
17                                    )  MEMORANDUM OF POINTS AND
                                      )  AUTHORITIES, AND GOVERNMENT'S
18                                    )  MOTIONS TO:
                                      )  (1)   COMPEL PRODUCTION OF
19                                    )        RECIPROCAL DISCOVERY; AND
                                      )  (2)   COMPEL FINGERPRINT
20                                    )        EXEMPLARS.
   _____)

21          Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel KAREN P.

22 HEWITT, United States Attorney, and LAWRENCE A. CASPER, Assistant U.S. Attorney, hereby

23 files its Response and Opposition to the motion filed by Defendant Eduardo Hernandez-Bahena

24 ("Defendant") to compel discovery and hereby files its: (1) Motion To Compel Production of

25 Reciprocal Discovery; and (2) Motion To Compel Fingerprint Exemplars.  This Response and

26 Opposition and Motion To Compel Production of Reciprocal Discovery and Motion To Compel

27 Fingerprint Exemplars is based upon the files and records of this case.

28 //

# I

## STATEMENT OF FACTS

### A.    Statement of the Case

On October 17, a federal grand jury handed up a one-count Indictment charging Defendant with being a deported alien knowingly and intentionally attempting to re-enter the United States in violation of Title 8, United States Code § 1326 and further alleging that Defendant was removed from the United States subsequent to November 29, 1999 (Case No. 07cr2871). Previously, the Government had filed a three count Information alleging violations of 8 U.S.C. Section 1325 and, on November 16, 2007, Defendant initially filed his motion for discovery in that case (No. 07cr2674). The United States previously submitted the foregoing response in that case and now, pursuant to the Court's direction during the hearing earlier today, files it in this case.

### B.    Statement of Facts

On August 23, 2007, at approximately 5:20 p.m., Border Patrol Agent Fernando Fregoso was performing line watch duties in an area known as "Sony" that is approximately five miles east of the San Ysidro Port of Entry and 40 yards north of the International Boundary fence separating the United States and Mexico. This area is commonly used by aliens to further their illegal entry into the United States. At approximately 4:35 p.m., Agent Fernando Fregoso was contacted by radio and informed that a group of individuals had crossed the International Boundary fence and were running north. Upon approaching the area, Agent Fregoso observed a group of approximately eight individuals attempting to climb over the secondary fence, located approximately 40 yards north of the primary fence, using a home made ladder. Agent Fregoso was in full uniform and driving a marked service vehicle. He attempted to stop the group from going over the secondary fence but when the group observed him they ran in different directions and returned to Mexico. One individual, later identified as Defendant Eduardo Hernandez-Bahena, however, was left by the group hanging on top of the secondary fence.

Agent Fregoso attempted to assist this individual in getting down but six individuals jumped back into the United States and aggressively began to surround the agent. The agent suspended his effort to assist Defendant and prepared to stop the group. The group again ran back to the primary

fence and returned to Mexico. The agent turned his attention back to the Defendant who had fallen from the fence and was lying on the ground. Defendant told the agent he was alright and did not require medical attention. Agent Fregoso identified himself as a Border Patrol agent and performed an immigration inspection. Defendant admitted to being a Mexican citizen with no legal right to enter or remain in the United States. Defendant was placed under arrest.

Due to a computer failure at the Imperial Beach Border Patrol Station, Defendant was not processed and advised of his Miranda rights until the following day. After Defendant was advised of his Miranda rights in English by Agent Fregoso, as witnessed by Border Patrol Agent Kevin Zoetewey. Subsequently, on August 23, 2007, at approximately 2:30 p.m., Defendant requested medical attention and was transported to UCSD Medical Center for care.

**C.     Defendant's Criminal History**

Defendant, who is 39 years old, has an extensive criminal history as detailed below:

| 11/17/2006 (CASC, Los Angeles) | 273.6(A) PC - Violate Court Order to Prevent Domestic Violence | 60 days jail/36 mos probation |
| 11/29/1999 (CASC, Los Angeles) | 459 PC - Burglary: Second Degree | 32 mos jail |
| 6/22/1998 (CASC, Los Angeles) | 211 PC - Robbery: Second Degree | 2 years jail |
| 9/21/1995 (CAMC, Los Angeles) | 245(A)(1) PC - Force/ADW Not Firearm: GBI Likely | 140 days jail |
| 8/12/1993 (CASC, Los Angeles) | 11350(A) HS - Possess Narc Cont Subst. | 72 days jail/36 mos probation; prob reinstated 4/24/96, 117 days jail |

**D.     Defendant's Immigration History**

Defendant has been apprehended for being in the United States illegally on at least three prior occasions. He was ordered deported on March 4, 1999, after a hearing before an immigration

1   judge. He was most recently removed from the United States on May 17, 2007, approximately three

2   months before his arrest in this case.

3                                                   **II**

4                                            **ARGUMENT**

5   **A.    The Government Will Comply With All Discovery Obligations**

6          The Government intends to continue full compliance with its discovery obligations under

7   Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal

8   Rules of Criminal Procedure.[1] To date, the Government has provided 51 pages of discovery and a

9   DVD of Defendant's rights advisal. The Government anticipates that all discovery issues can be

10  resolved amicably and informally, and has addressed Defendant's specific requests below.

11         **(1) Brady Materials**

12         The Government has and will continue to perform its duty under Brady to disclose material

13  exculpatory information or evidence favorable to Defendant when such evidence is material to guilt

14  or punishment. The Government recognizes that its obligation under Brady covers not only

15  exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

16  behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States

17  v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not

18  requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10

19  (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable

20  probability that, had the evidence been disclosed to the defense, the result of the proceeding would

21  have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final

22  determination of materiality is based on the "suppressed evidence considered collectively, not item

23  by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

24         Brady does not, however, mandate that the Government open all of its files for discovery.

25  See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

26  Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

27  _____

28       [1]   Unless otherwise noted, all references to "Rules" refers to the Federal Rules of
             Criminal Procedure.

(see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Brady, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380, 389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).

Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

### (2)     Any Proposed 404(b) Evidence

The Government has already provided Defendant with information regarding Defendant's prior criminal offenses. The Government will disclose in sufficient time in advance of trial, the general nature of any "other bad acts" evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). The Government will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed. R. Evid. 609.

### (3)     Request for Preservation of Evidence

After issuance of a an order from the Court, the United States will preserve all evidence to which Defendant is entitled to pursuant to the relevant discovery rules. However, the United States objects to Defendant's blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs. The United States has made the evidence available to Defendant and Defendant's investigators and will comply with any reasonable request for inspection.

1

**(4)     Defendant's Statements**

2       The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

3   provide to Defendant the substance of Defendant's oral statements and Defendant's written

4   statements.  The Government has produced all of the Defendant's statements that are known to the

5   undersigned Assistant U.S. Attorney at this date.  If the Government discovers additional oral or

6   written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such

7   statements will be provided to Defendant.

8       The Government has no objection to the preservation of the handwritten notes taken by any

9   of the agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents

10  must preserve their original notes of interviews of an accused or prospective government witnesses).

11  However, the Government objects to providing Defendant with a copy of the rough notes at this

12  time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those

13  notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d

14  582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A)

15  does not require disclosure of an agent's notes even where there are "minor discrepancies" between

16  the notes and a report).  The Government is not required to produce rough notes pursuant to the

17  Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless

18  the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have

19  been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir.

20  1980).  The rough notes in this case do not constitute "statements" in accordance with the Jencks

21  Act.  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not

22  statements under the Jencks Act where notes were scattered and all the information contained in the

23  notes was available in other forms).  The notes are not Brady material because the notes do not

24  present any material exculpatory information, or any evidence favorable to Defendant that is

25  material to guilt or punishment.  Brown, 303 F.3d at 595-96 (rough notes were not Brady material

26  because the notes were neither favorable to the defense nor material to defendant's guilt or

27  punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents'

28  rough notes contained Brady evidence was insufficient).  If, during a future evidentiary hearing,

1  certain rough notes become discoverable under Rule 16, the Jencks Act, or <u>Brady</u>, the notes in

2  question will be provided to Defendant.

3  **(5)    Tangible objects**

4  The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

5  allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

6  tangible objects that are within its possession, custody, or control, and that are either material to the

7  preparation of Defendant's defense, or are intended for use by the Government as evidence during

8  its case-in-chief at trial, or were obtained from or belong to Defendant.  The Government need not,

9  however, produce rebuttal evidence in advance of trial.  <u>United States v. Givens</u>, 767 F.2d 574, 584

10  (9th Cir. 1984).

11  **(6)    Expert Witnesses**

12  The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

13  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

14  of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the

15  expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

16  opinions.

17  **(7)    Witness Addresses**

18  The Government has already provided Defendant with the reports containing the names of

19  the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital

20  case, however, has no right to discover the identity of prospective Government witnesses prior to

21  trial.  <u>See</u> <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d

22  1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United

23  States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the

24  Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-

25  chief, although delivery of such a witness list is not required.  <u>See</u> <u>United States v. Discher</u>, 960 F.2d

26  870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

27  The Government objects to any request that the Government provide a list of every witness

28  to the crimes charged who will not be called as a Government witness.  "There is no statutory basis

for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)."  United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).  The Government is not required to produce all possible information and evidence regarding any speculative defense claimed by Defendant.  Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

### (8)     Jencks Act Material

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §  3500(b).  A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

### (9)     Informants and Cooperating Witnesses

If the Government determines that there is a confidential informant who has information that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection.  See Roviaro v. United States, 353 U.S. 53, 60-61 (1957) (emphasis added); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997) (same).

1

**(10)    Residual Request**

2

The Government will comply with all of its discovery obligations, but objects to the broad

3

and unspecified nature of Defendant's residual discovery request.

4

**B.    The Government Does Not Oppose Leave To File Further Motions, So Long As They Are Based on New Evidence**

5

6

The Government does not object to the granting of leave to file further motions as long as

7

the order applies equally to both parties and any additional defense motions are based on newly

8

discovered evidence or discovery provided by the Government subsequent to the instant motion.

9

**III**

**GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

10

**A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

11

12

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E),

13

the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1),

14

requests that Defendant permit the Government to inspect, copy and photograph any and all books,

15

papers, documents, photographs, tangible objects, or make copies or portions thereof, which are

16

within the possession, custody, or control of Defendant and which Defendant intends to introduce

17

as evidence in his case-in-chief at trial.

18

The Government further requests that it be permitted to inspect and copy or photograph any

19

results or reports of physical or mental examinations and of scientific tests or experiments made in

20

connection with this case, which are in the possession and control of Defendant, which he intends

21

to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant

22

intends to call as a witness. The Government also requests that the Court make such order as it

23

deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal

24

discovery to which it is entitled.

25

**B.    Reciprocal Jencks – Statements By Defense Witnesses**

26

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

27

production of the prior statements of all witnesses, except a statement made by Defendant. The time

28

frame established by Rule 26.2 requires the statements to be provided to the Government after the

witness has testified.  However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**IV**

**GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert.  See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints).     Because the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather than for investigatory purposes, the Fourth Amendment is not implicated.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).  Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

1

**V**

2

**CONCLUSION**

3        For the foregoing reasons, the United States requests that the Court deny Defendant's motion

4  and grant the United States' motion for reciprocal discovery and for an order compelling Defendant

5  to provide fingerprint exemplars.

6        Dated: November 30, 2007

7                                        Respectfully submitted,

8                                        KAREN P. HEWITT
                                         United States Attorney

9

10                                       *s/Lawrence A. Casper*

11                                       _____

12                                       LAWRENCE A. CASPER
                                         Assistant U.S. Attorney
                                         Attorneys for Plaintiff

13                                       United States of America
                                         Email: lawrence.casper@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR2674-DMS

1

2

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 3 | UNITED STATES OF AMERICA, | ) |
| | | ) |
| 4 | Plaintiff, | ) |
| | | ) |
| 5 | v. | ) |
| | | ) |
| 6 | EDUARDO HERNANDEZ-BAHENA, | ) |
| | | ) |
| 7 | Defendant. | ) |
| | | ) |

Criminal Case No.  07CR2871-DMS

CERTIFICATE OF SERVICE

8

IT IS HEREBY CERTIFIED THAT:

9

10

11

12

I am not a party to the above-entitled action.  I have caused service of  GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY AND AND GOVERNMENT'S MOTIONS TO COMPEL PRODUCTION OF RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

13

1)    Robert Rexrode, III

14

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

15

None

16

17

the last known address, at which place there is delivery service of mail from the United States Postal Service.

18

I declare under penalty of perjury that the foregoing is true and correct.

19

Executed on November 30, 2007.

20

*s/Lawrence A. Casper*

21

LAWRENCE A. CASPER

22

23

24

25

26

27

28

07CR2674-DMS